Argued and submitted December 17, 1991, reversed and remanded for reconsideration April 22, 1992

In the Matter of the Compensation of
Trudy G. Langston, Claimant.

## SAIF CORPORATION
and Blue Cross of Oregon,
*Petitioners,*

*v.*

Trudy G. LANGSTON,
*Respondent.*

(89-22732; CA A68993)

828 P2d 1059

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

W. Todd Westmoreland, Portland, argued the cause for respondent. With him on the brief was Westmoreland & Shebley, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Employer seeks review of an order of the Workers' Compensation Board holding that claimant's dermatitis and respiratory conditions are compensable.

Claimant worked as a claims analyst for employer, beginning in September, 1985. In 1986, she was promoted to senior claims analyst, and her work area was moved to a place under an air vent. She found her new work stressful. Shortly after assuming that position, she noticed an acne-like rash developing on her face. It would worsen during the week within hours after her arrival at work and improve on weekends when she was home. She had experienced a similar, but less severe, rash a few years earlier during a stressful divorce, and the rash had resolved when the divorce became final.

In the spring of 1987, claimant also began to experience respiratory congestion and tightness that was worse than her annual seasonal allergy symptoms. All of her symptoms worsened in 1988, and she began to suspect that her employment was the cause. In November, 1988, she sought treatment from Dr. Green, a specialist in allergies and environmental medicine. Green noticed a correlation between claimant's symptoms and her work schedule and, in January, 1989, expressed the opinion that something in her work environment was causing the symptoms. He suggested a number of possible irritants, including mold, cigarette smoke, formaldehyde and fiberglass particles from insulation in the ventilation system.

An industrial hygienist from the Occupational Safety and Health Administration tested the air quality of claimant's work place, and the test results showed that none of the irritants suggested by Green was present in excessive quantities. There was no pattern of complaints by employees concerning air quality. Tests of claimant showed no sensitivity to formaldehyde or fiberglass. Nonetheless, Green continued to be of the view that some "unidentified factor" in claimant's work environment was the cause of her symptoms. On his recommendation, claimant left work on September 18, 1989. Drs. Morton and Baker concurred in Green's view that claimant's conditions are related to her employment. Dr. Bell, a dermatologist, suggested that stress might be the cause of

the rash. Both he and Dr. Haberman were of the view that claimant suffers from acne rosacea and that that condition is not caused by the environment, but is idiopathic. Green noted in February, 1990, that vehicle exhaust irritated claimant's respiratory tract.

SAIF denied claimant's occupational disease claim in October, 1989. The Board analyzed the claim under ORS 656.802(1)(a), which provides coverage for occupational diseases involving "ingestion of, absorption of, inhalation of or contact with dust, fumes, vapors, gasses, radiation or other conditions or substances." It concluded that claimant had established that her exposure to unknown environmental conditions in the work place was the major contributing cause of her respiratory and dermatological conditions. Of greatest significance to the Board was the fact that the onset, waxing and waning and resolution of claimant's condition correlated directly with her work schedule.

The Board did not conclude that the claim failed because the specific cause of the condition had not been identified. It discounted medical opinions that the condition was not related to her work, partly because they failed to explain the correlation between her work schedule and her symptoms. Instead, the Board accepted the opinion of Green, who did not believe that claimant's skin condition was acne. He had considered and ruled out a number of other potential non-workplace causes and, because of the nature of her symptoms and the correlation between the work schedule and her symptoms, concluded that the conditions were work-related. Green was claimant's treating doctor and, considering that factor as well as what it considered to be the overall persuasiveness of his opinion, the Board concluded that the claim is compensable.

Employer contends that, in view of ORS 656.266, the Board erred as a matter of law. That section provides:

"The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. *The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred.*" (Emphasis supplied.)

The Board did not cite that statute, and it is not apparent that the Board considered it. We agree with SAIF that, under these facts, it is necessary for the Board to consider its application to this case.

Reversed and remanded for reconsideration.